UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Jeffrey Marcus Gray

    **Plaintiff(s),**

v.          Case No. 3:16-cv-554-J-34PDB

The City of Jacksonville, Florida, et al.

    **Defendant(s).**
_____

CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))** [Court recommends 30 days after CMR meeting] | 10/21/16 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [all parties are directed to complete and file the attached] | Complete |
| **Motions to Add Parties or to Amend Pleadings** | 11/30/16 |
| **Disclosure of Expert Reports** Plaintiff: Defendant: | 6/16/17 7/17/17 |
| **Discovery Deadline** [Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | 8/31/17 |
| **Dispositive and Daubert Motions** [Court requires 4 months or more before trial term begins] | 10/16/17 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived).  Trials before the District Judge will generally be set on a rolling trial term toward the beginning of each month, with a Final Pretrial Conference to be set by the Court the preceding month.  If the parties consent to trial before the Magistrate Judge, they will be set for a date certain after consultation with the parties] | (month, year)<br><br>3/5/18 |
| **Estimated Length of Trial**  [trial days] | 3 days |
| **Jury / Non-Jury** | Jury |
| **Mediation**<br>Deadline:<br><br>Mediator:<br>Address:<br><br><br><br>Telephone:<br><br>[Mediation is <u>mandatory</u> in most Track Two cases; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline; if the parties do not so designate, the Court will designate the mediator and the deadline for mediation.  A list of certified mediators is available on the Court's website and from the Clerk's Office.] | 12/1/17<br><br>Terrance Schmidt<br>501 Riverside Ave.<br>Suite 903<br>Jacksonville, FL 32202<br>904-398-1818 |
| **All Parties Consent to Proceed Before Magistrate Judge** If yes, the parties shall complete and <u>all</u> counsel and/or unrepresented parties shall execute the attached Form AO-85. | Yes____     No_X__ |

I.    **Meeting of Parties**

Lead counsel shall meet in person or, upon agreement of all parties, by telephone. (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court.)  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on ___August 12, 2016___ (date) at ___11:30 a.m.___ (time) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Andrew M. Bonderud | Plaintiff |
| Stephen J. Powell | Defendants |
|  |  |

**II.    Preliminary Pretrial Conference**

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases:** Parties (check one) [__] request [X] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

None
_____

_____

**III.    Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

The parties (check one) [__] have exchanged [X] agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on or by  10/21/16  (date).

**IV.    Agreed Discovery Plan for Plaintiffs and Defendants**

**A.    Certificate of Interested Persons and Corporate Disclosure Statement**

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal. Therefore, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve within **fourteen (14) days** from that party's first appearance a Certificate of

Interested Persons and Corporate Disclosure Statement using the attached mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  <u>Any party who has not already filed and served the required certificate is required to do so **immediately**</u>.  Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer.  A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

    **B.**    **Discovery Plan/Deadline**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  Parties should exchange discovery in the most efficient way, which usually means electronically.  In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook, available on the Court's website: www.flmd.uscourts.gov/forms/Civil/2015-Civil_Procedure_Handbook.pdf. Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline or those that fail to comply with the meet and confer requirements contained in

Local Rule 3.01(g).  The Court notes that the words "confer" and "good faith" contemplate the parties will exchange thoughts and arguments to try to resolve an issue and will not simply engage in unilateral noticing that a motion will be filed.  In addition to agreeing to comply with the above, the parties agree as follows:

_____

_____

      **C.**      **Confidentiality Agreements/Motions to File Under Seal**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09.

The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential."  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows: _____

_____

D. **Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

Pursuant to Fed.R.Civ.P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

_____

_____

**V. Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at www.flmd.uscourts.gov. If the parties do not so designate, the Court will designate the mediator and the deadline for mediation.

**VI. Requests for Special Handling**

Requests for special consideration or handling (requests may be joint or unilateral):
Defendants object to the entry of a Case Management and Scheduling Order in this cause until defendants' pending Motion to Sever has been decided.

_____

Case 3:16-cv-00554-MMH-PDB   Document 2-1   Filed 05/09/16   Page 7 of 8 PageID 19

Date:   October 4, 2016
       _____

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

Signature of Counsel

/s/ **_Andrew M. Bonderud_**
Andrew M. Bonderud, Esq.
Florida Bar No.: 102178
The Bonderud Law Firm, P.A. 301
W. Bay Street, #1433
Jacksonville, FL 32202
(904) 438C 8082 (Office)
(904) 800C 1482 (Fax)
EMail: BonderudLaw@gmail.com
*Counsel for Plaintiff*

**_/S/ Stephen J. Powell_**
Stephen J. Powell, Esq.
**ASSISTANT GENERAL COUNSEL**
Florida Bar No.: 305881
Office of General Counsel
117 West Duval Street, Suite 480
Jacksonville, FL 32202
(904) 630-1847
EC mail: spowell@coj.net
*Attorneys for City of Jacksonville*